# EXHIBIT B

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   Stacy Monahan (Bar No. 218942)
2  50 California Street, 22nd Floor
   San Francisco, California 94111
3  Telephone: (415) 875-6600
   Facsimile: (415) 875-6700
4  Email: stacymonahan@quinnemanuel.com

5  Steven G. Madison (Bar No. 101006)
   J.D. Horton (Bar No. 192836)
6  865 S. Figueroa St., 10th Floor
   Los Angeles, California 90017
7  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
8  Email: stevemadison@quinnemanuel.com

9  Attorneys for Defendants
   California Physicians' Service dba Blue Shield
10 of California and Blue Shield of California
   Life & Health Insurance Company

ORIGINAL FILED
MAY - 9 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**JCS**

**C 07   2502**

RICHARD B. FOX, M.D.,

   Plaintiff.

   v.

BLUE SHIELD OF CALIFORNIA LIFE & HEALTH INSURANCE COMPANY, DEVIN GOOD, SHEILA SABATINO, and REYNALDO CASTILLO,

   Defendants.

CASE NO.

NOTICE OF REMOVAL OF ACTION FROM THE SUPERIOR COURT OF THE STATE OF CALIFORNIA TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. § 1441(b) (FEDERAL QUESTION)

(Superior Court for the County of San Francisco, Case No. CGC-07-461464)

1  TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
2  DISTRICT OF CALIFORNIA:
3      California Physicians' Service dba Blue Shield of California ("Blue Shield")
4  (erroneously sued as Blue Shield of California Life & Health Insurance Company)
5  and Blue Shield of California Life & Health Insurance Company ("Blue Shield
6  Life") hereby remove the above-entitled action from the Superior Court of the State
7  of California for the County of San Francisco in which it is now pending, to the
8  United States District Court for the Northern District of California. This civil action
9  is removed on the basis of federal question jurisdiction pursuant to 28 U.S.C.
10 § 1441(b). The grounds for removal are as follows.
11     1.   Blue Shield Life has been named as a defendant in a civil action
12 brought in the Superior Court of the State of California for the County of San
13 Francisco entitled *Richard B. Fox, M.D. v. Blue Shield of California Life & Health*
14 *Insurance Company, Devin Good, Sheila Sabatino and Reynaldo Castillo*, Case
15 No. CGC-07-461464 (the "Action"). The Action was filed in the Superior Court of
16 the State of California for the County of San Francisco by plaintiff on March 19,
17 2007. Blue Shield also appears herein because, although the complaint in the
18 Action alleges that defendants Sheila Sabatino ("Sabatino") and Reynaldo Castillo
19 ("Castillo") were participants in a Blue Shield Life health care service plan,
20 defendants Sabatino and Castillo were actually participants in Blue Shield health
21 care service plans. Similarly, the Complaint seeks to recover for services rendered
22 to Mr. Langdon (deceased) and wrongly alleges that Mr. Langdon was a Blue Shield
23 Life enrollee. He was Blue Shield enrollee, however. Thus, the claims made
24 against Blue Shield Life for aiding and abetting defendants Sabatino and Castillo
25 and Mr. Langdon and for purportedly violating *California Business & Professions*
26 *Code* §§ 17000 *et seq.* as the result of its conduct vis-a-vis those persons should
27 have been directed at Blue Shield.
28

 2. Blue Shield Life was first served with a summons and complaint in the state court action on April 9, 2007. A true and correct copy of the complaint in the action (the "Complaint") is attached hereto as <u>Exhibit A</u>, and is incorporated fully herein by reference. A copy of the summons received therewith as served on Blue Shield Life is attached hereto as <u>Exhibit B</u>. A copy of Exhibits Lodged with the Clerk of Court Under Seal By Order of the Court Pursuant to California Rules of Court 2.550 and 2.551 is filed under seal herewith. A true and correct copy of Public Redacted Version of Exhibits 1-12 (Exhibits 3-12 Redacted) is attached hereto as <u>Exhibit C</u>. A true and correct copy of Ex Parte Motion to File Exhibits Under Seal is attached hereto as <u>Exhibit D</u>. These exhibits are copies of all process, pleadings and orders received by Blue Shield Life and Blue Shield in the Action.

 3. This Notice of Removal is timely filed as required by 28 U.S.C. § 1446(b) since it is filed not more than one year after commencement of the Action and within thirty (30) days of simultaneous service of the summons and complaint on Blue Shield Life, the only defendant in this action with a removable claim and thus the first and only defendant with a removable claim to be served. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 345; 119 S.Ct. 1332, 1323-1324 (1999) (holding that "if the summons and complaint are served together, the 30-day removal period runs at once"); *Hill v. Boston*, 706 F.Supp. 966, 968 (D.Mass. 1989) (time for removal runs from service against first defendant with a removable claim).

 4. Blue Shield and Blue Shield Life remove the Action because the Complaint alleges that defendant Reynaldo Castillo ("Castillo") was an enrollee in a Blue Shield Life health care service plan, that Blue Shield Life paid benefits to the member in accordance with its benefits agreement, but defendant Castillo never forwarded that payment as required to plaintiff Fox. In fact, Blue Shield and Blue Shield Life are informed and believe that defendant Castillo is, and was at all relevant times, a member of a group plan, Maxim Healthcare Services, an employee

1 welfare benefit plan within the meaning of the Employee Retirement Income
2 Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1), underwritten and/or
3 administered by CareFirst Blue Cross Blue Shield of Maryland. Under
4 arrangements between Blue Shield and CareFirst Blue Cross Blue Shield, Blue
5 Shield provides certain claims services in California for individuals enrolled in
6 plans offered by CareFirst Blue Cross Blue Shield. Moreover, plaintiff's action is to
7 recover for benefits allegedly assigned to him under the terms of an ERISA plan and
8 is therefore completely preempted.

9     5.    For the reasons set forth herein, this Court has original jurisdiction of
10 this action pursuant to the provisions of 28 U.S.C. § 1441, since it arises under
11 ERISA, 88 Stat. 829, 29 U.S.C. §§ 1001 *et seq.* in that:

12     (a) At all relevant times, Blue Shield Life has been engaged in
13 commerce and in activity affecting commerce within the meaning of § 4(a)(1) of
14 ERISA, 29 U.S.C. § 1003(a)(1). Likewise, the Plan Sponsor, Maxim Healthcare
15 Services, Inc., has been engaged in commerce and in activity affecting commerce
16 within the meaning of § 4(a)(1) of ERISA, 29 U.S.C. § 1003(a)(1).

17     (b)    At the time the claim of defendant Castillo for benefits arose
18 (benefits that were subsequently allegedly assigned to plaintiff), defendant Castillo
19 was an enrollee under Maxim Healthcare Services, an employee welfare benefit plan
20 within the meaning of ERISA.

21     (c)    The crux of plaintiff's claim against Blue Shield and Blue Shield
22 Life is for benefits that he was purportedly assigned by Blue Shield's and Blue
23 Shield Life's enrollees, including Castillo. Specifically, plaintiff alleges that he is an
24 assignee of certain claims for benefits made by Blue Shield's and Blue Shield Life's
25 enrollees but that Blue Shield and Blue Shield Life "refus[e] to honor assignments
26 of benefits to non-contracting physicians[.]" Complaint, ¶ 16. Plaintiff further
27 alleges that Blue Shield and Blue Shield Life "make[] it a practice to disburse the
28 claim benefits check directly to the subscriber . . . when the doctor is not a

contracting member of its provider network." Complaint, ¶ 11. The result of Blue Shield's and Blue Shield Life's refusal to pay the provider directly is that providers (like plaintiff) allegedly do not receive payment for services rendered without threatening legal action: "In over fifteen years, Dr. Fox has had only a few instances where a Blue Shield subscriber forwarded these benefits without special collection efforts." Complaint, ¶ 12. The alleged injury to plaintiff (with regard to defendant Castillo) arises solely out of purported harms caused to him by the actions of Blue Shield and Blue Shield Life relating to the payment of benefits under the plan.

   (d) Plaintiff's claims with respect to defendant Castillo arise only because the Maxim Healthcare Services, Inc. plan existed. Therefore ERISA preempts plaintiff's state law claims relating to defendant Castillo because they "relate to" an employee benefit plan governed by ERISA. ERISA § 514(a), 29 U.S.C. § 1144(a).

   (e) Therefore, ERISA preempts plaintiff's state law claims against Blue Shield and Blue Shield Life (as they relate to defendant Castillo) because they "relate to" an employee benefit plan governed by ERISA. ERISA § 514(a), 29 U.S.C. § 1144(a). ERISA "supercede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-46, 107 S.Ct. 1549, 1551 (1987). A state claim "relate[s] to" an ERISA plan if it has a connection with or reference to such plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97, 103 S.Ct. 2890 (1983). Indeed, ERISA's preemption clause is conspicuous for its breadth. It establishes as an area of exclusive federal concern the subject of every state law that 'relates to' an employee benefit plan governed by ERISA." *FMC Corp. v. Holliday*, 498 U.S. 52, 58, 111 S.Ct. 403-407 (1990). Where the existence of an employee benefit plan is a critical factor in establishing liability under a state common law cause of action, a cause of action is clearly preempted by ERISA as it "related not merely to pension [or welfare] benefits, but to the essence of the pension [or welfare] plan itself."

*Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 140, 111 S.Ct. 478, 483 (1990). A provider (like plaintiff) that is the assignee of the right to collect benefits under an ERISA plan has standing to bring suit under ERISA. *Misic v. Building Services Employees Health and Welfare Trust*, 789 F.2d 1374, 1379 ("an assignee of beneficiaries pursuant to assignments valid under ERISA, has standing to assert the claims of his assignors." The rationale for allowing providers to sue under ERISA to collect any benefits assigned to them is to encourage providers to participate in ERISA plans and to make payment of benefits more efficient:

> "Many providers seek assignments of benefits to avoid billing the beneficiary directly and upsetting his finances and to reduce the risk of non-payment. If their status as assignees does not entitle them to federal standing against the plan, providers would either have to rely on the beneficiary to maintain an ERISA suit, or they would have to sue the beneficiary. Either alternative, indirect and uncertain as they are, would discourage providers from becoming assignees and possibly from helping beneficiaries who were unable to pay them "up-front." The providers are better situated and financed to pursue an action for benefits owed for their services. Allowing assignees of beneficiaries to sue under § 1132(a) comports with the principle of subrogation generally applied in the law."

*Hermann Hosp. v. MEBA Medical & Benefits Plan*, 845 F.2d 1286, 1290 n.13 (5th Cir. 1988) (citation omitted).

6. None of the causes of action set forth in the Complaint (as they relate to Castillo) are exempted from ERISA preemption. To be exempted from ERISA preemption a cause of action must be based upon a law that is deemed to be a "law which regulates insurance" under 29 U.S.C. §1144(b)(2)(A). For a state law to be deemed a law regulating insurance, it "must be specifically directed toward entities engaged in insurance" and "must substantially affect the risk pooling arrangement between the insurer and insured." *Ky. Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 341-342, 123 S.Ct. 1471, 1479 (2003). Plaintiff has pled three causes of action against Blue Shield and Blue Shield Life: (1) "aiding and abetting grand theft" (Complaint, ¶¶ 86-90); (2) "aiding and abetting insurance fraud" (Complaint, ¶¶ 91-93); and (3) "unfair trade practices" under *California Business & Professions Code*

§§ 17000 *et seq.* (Complaint, ¶¶ 94-96). Neither of the laws upon which plaintiff's "aiding and abetting" claims are based are either addressed specifically toward entities engaged in insurance or specifically directed towards a risk pooling arrangement between the insurer and insured. Similarly, *California Business & Professions Code* §§ 17000 *et seq.* is a law of general application and thus not a law regulating insurance. *Cf. Twohey v. Lincoln Nat'l Life Ins. Co.*, 2000 U.S. Dist. LEXIS 10096, at *15 (N.D. Cal. 2000) (holding ERISA "unquestionably preempts" a claim under California Business and Professions Code § 17200.) ERISA therefore preempts each of plaintiff's claims against Blue Shield and Blue Shield Life.

7.  Since some of the Plans put at issue are employee benefit plans governed by ERISA, plaintiff may not "by artful pleading" disguise what is in reality an action that must be brought, if brought at all, under ERISA, § 502, 29 U.S.C. § 1132. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542, 1548 (1987); *Clorox v. The U.S. Dist. Court for the N. Dist. of Cal.*, 779 F.2d 517, 521 (9th Cir. 1985). Claims that are preempted by ERISA and redressable under ERISA § 502(a), 29 U.S.C. § 1132(a), are removable since they are necessarily federal in character. *See Taylor*, 481 U.S. at 60-65; *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 799 (9th cir. 1987). If ERISA claims are pleaded as state law claims, they must be tried under federal law "when stripped of their state law disguises." *Tingey v. Pixley-Richards West, Inc.*, 953 F.2d 1124, 1130 (9th cir. 1992). Plaintiff's attempt to disguise ERISA claims as state law claims is not effective. In fact, plaintiff's claims clearly include claims for benefits under ERISA. Indeed, the Complaint repeatedly makes clear that goal of the Action is to alter Blue Shield's and Blue Shield Life's policies concerning payment of benefits and to collect benefits assigned to plaintiff by his enrollees:

(a)  "Blue Shield's purpose in declining to honor assignments of *benefits* submitted by non-contracting doctors and sending those benefits directly to

1 their subscribers is to coerce those doctors to become contracting Blue Shield
2 providers[.]" (Complaint, ¶ 13) (emphasis added).
3         (b)    "When the subscriber fails to forward those *benefits* to the
4 provider doctor the subscriber commits" theft by fraudulent appropriation and
5 insurance fraud. (Complaint, ¶ 14) (emphasis added).
6         (c)    "This practice of refusing to honor assignments of *benefits* to
7 non-contracting physicians is a policy that has been promoted by the national Blue
8 Cross/Blue Shield Association and adopted by many of its state members for the
9 purpose of coercing physicians into its provider networks. This practice has been
10 outlawed by mandatory assignment of <u>benefits</u> statutes in increasing numbers of
11 states." (Complaint, ¶ 16) (emphasis added).
12         (d)    "When Mr. Good endorsed the *benefits* check from Blue Shield
13 he adopted the claim submitted on his behalf by Dr. Fox as his own claim."
14 (Complaint, ¶ 34) (emphasis added).
15         (e)    Blue Shield "hoped expected, and knew of the likelihood that its
16 subscribers would commit insurance fraud with the *benefits* entrusted to them for
17 payment to Dr. Fox, intending to injure Dr. Fox in his property." (Complaint, ¶ 96)
18 (emphasis added).
19         (f)    The Court should "[m]andate that Blue Shield pay directly to
20 Dr. Fox the *benefits* due under the Castillo claims." (Complaint, Prayer for Relief at
21 ¶ 7) (emphasis added).
22     8.    To the extent that plaintiff's claims relate to members of ERISA plans,
23 plaintiff's right of action, if any, arises under ERISA § 502(a), which grants the
24 United State District Court original jurisdiction over such civil actions. 29 U.S.C.
25 § 1132(e)(1). To the extent that the Complaint also seeks relief on behalf of
26 enrollees or participants in non-ERISA plans, that does not defeat the United States
27 District Court's jurisdiction based on ERISA. Rather, the Court has pendant
28 jurisdiction over such claims. *See* 28 U.S.C. § 1367(a) (providing that, in a "civil

action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy . . . ")

9. A court may properly look to the notice for removal and the facts recited therein to clarify the action a plaintiff presents and determine if it encompasses an action within the federal labor laws. *See Hyles v. Mensing*, 849 F.2d 1213, 1216 (9th Cir. 1988); *Schroeder v. Trans World Airlines*, 702 F.2d 189, 191 (9th Cir. 1983).

10. None of the defendants have taken action in the state court proceeding so as to waive the right to remove the Action. Other than the filing of the Complaint, no further proceedings have been had herein in the state court proceeding.

11. Promptly after the filing of this Notice of Removal, Blue Shield and Blue Shield Life shall give written notice to all parties of the filing of this Notice and shall file a copy of this Notice with the Clerk of the Superior Court of the State of California for the County of San Francisco, pursuant to 28 U.S.C. § 1446(d).

12. Defendant Castillo has not been served in the state court action and there is thus no requirement that he be a party to this Notice of Removal. *See Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984). Defendant Sabatino has paid the amount of plaintiff's claim and the action against her is being dismissed with prejudice. She also need not be a party to this Notice of Removal. Defendant Good, while served with the Complaint, has not timely responded and is in default. As such he is not an active participant in this action and the need for his consent is abrogated.

13. Blue Shield and Blue Shield Life are represented by the undersigned who certifies, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that the foregoing is true and correct.

WHEREFORE, Blue Shield and Blue Shield Life respectfully request that the above-referenced Action now pending against it in the Superior Court of the State of California for the County of Los Angeles be removed from that Court to the United States District Court for the Northern District of California.

DATED: May 9, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
Steven G. Madison
J.D. Horton
Stacy Monahan
Attorneys for Defendants
California Physicians' Service
dba Blue Shield of California and Blue
Shield of California Life & Health
Insurance Company