QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Stacy Monahan (Bar No. 218942)
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
Email: stacymonahan@quinnemanuel.com

  Steven G. Madison (Bar No. 101006)
  J.D. Horton (Bar No. 192836)
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
Email: stevemadison@quinnemanuel.com
Attorneys for Defendants
California Physicians' Service dba Blue Shield of California and Blue Shield of California Life & Health Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD B. FOX, M.D., <br><br> Plaintiff. <br><br> v. <br><br> BLUE SHIELD OF CALIFORNIA LIFE & HEALTH INSURANCE COMPANY, DEVIN GOOD, SHEILA SABATINO, and REYNALDO CASTILLO, <br><br> Defendants. | Case No. C 07-2502 JCS <br><br> Hearing Date: July 24, 2007 <br> Hearing Time: 9:30 a.m. <br> Ctrm: 11--19th Floor <br> Judge: Hon. Martin J. Jenkins <br><br> BLUE SHIELD DEFENDANTS' REPLY RE MOTION TO DISMISS <br><br> Filing Date: May 9, 2007 <br> Trial Date: None Set |

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

I.  PLAINTIFF CANNOT STATE A CAUSE OF ACTION UNDER CAL. EVIDENCE CODE § 669(A) ........................................................................................ 2

    A.  No Cause of Action Exists Under Cal. Evidence Code § 669(a) ..................... 2

    B.  Any Negligence Cause of Action Based Upon *Cal. Evidence Code* § 669(a) Fails Because Blue Shield Owes No Duty to Plaintiff ....................... 3

    C.  Even If A Cause of Action Did Exist Under Cal. Evidence Code § 669(a), Plaintiff's Claims Fail Because He Cannot Allege That Blue Shield Violated Either Cal. Penal Code §§ 484(a) or 550(a)(6) ................... 6

        1.  Plaintiff cannot adequately allege that Blue Shield had "knowledge of the specific primary wrong" to support its aiding and abetting claims ............................................................... 6

        2.  Plaintiff Cannot Satisfy the Substantial Assistance Prong of an Aiding and Abetting Claim ............................................................... 8

        3.  The Opposition's argument that Blue Shield might be liable for aiding and abetting under the *Cal. Penal Code* § 31 and the Model Penal Code is not supported by the Complaint ....................... 10

II. PLAINTIFF CANNOT STATE A CLAIM UNDER CAL. BUS. & PROF. CODE §§ 17000 OR 17200 ET SEQ. ................................................................................ 11

CONCLUSION ............................................................................................................................ 13

# TABLE OF AUTHORITIES

Page

## Cases

California Service Station and Automobile Repair Association v. American Home Assurance Company,
62 Cal. App. 4th 1166, 73 Cal. Rptr. 2d 182 (1998) .......................................... 2, 4, 5, 6

Camacho v. Automobile Club of Southern California,
142 Cal. App. 4th 1394, 48 Cal.Rptr.3d 770, 776 (2006) ........................................ 12, 13

Casey v. U.S. Bank Nat'l. Assoc.,
127 Cal. App. 4th 1138 (2005) ........................................................................ 8, 9, 10

Cel-Tech Communications v. L.A. Cellular Tel.Co.,
20 Cal. 4th 163 (1999) ........................................................................................ 12

Coffman v. Kennedy,
74 Cal. App. 3d 28 (1977) ..................................................................................... 9

Crusader Ins. Co. v. Scottsdale Ins. Co.,
54 Cal. App. 4th 121, 62 Cal. Rptr. 2d 620 (1997) ............................................... 3, 5, 7

Daugherty v. American Honda Motor Co., Inc.,
144 Cal. App. 4th 82, 51 Cal.Rptr.3d 118 (2006) ..................................................... 12

Gregory v. Albertson's, Inc.,
104 Cal. App. 4th 845 (2002) ................................................................................ 12

Harris v. Del Taco,
2004 WL. 3744291 (C.D. Cal. 2004) ..................................................................... 5, 6

Hashimoto v. Clark,
264 B.R. 585 (D.Ariz. 2001) .................................................................................. 7

Orkin Exterminating Co. v. F.T.C.,
849 F.2d 1354 (11th Cir.1988) ............................................................................... 12

Ortega v. Kmart,
26 Cal. 4th 1200 (2001) ......................................................................................... 3

People v. Beeman,
35 Cal. 3d 547 (1984) ............................................................................................ 8

People v. Montoya,
7 Cal. 4th 1027 (1994) ......................................................................................... 7, 8

Resolution Trust Corp. v. Rowe
W L 183512, *5-6 (N.D. Cal. 1993) ........................................................................ 7

Quiroz v. Seventh Avenue Center,
140 Cal. App. 4th 1256, 45 Cal.Rptr.3d 222 (2006) ................................................ 2, 3

<u>Sierra-Bay Fed. Land Bank Assn. v. Superior Court</u>,
   227 Cal. App. 3d 318, 277 Cal. Rptr. 753 (1991) ........................................................... 3, 5

<u>Smith v. State Farm Mut. Auto. Ins. Co.</u>,
   93 Cal. App. 4th 700 (2001) ................................................................................................ 12

### Statutes

*Cal. Bus. & Prof. Code* § 17000 ............................................................................................. 11-13

*Cal. Evidence Code* § 669 ............................................................................................................. 5

*Cal. Evidence Code* § 669(a) ........................................................................................... 2, 3, 4, 5, 6

*Cal. Penal Code* § 31 ................................................................................................................... 10

*Cal. Penal Code* § 484(a) ...................................................................................................... 3, 6, 10

*Cal. Penal Code* § 550(a)(6) ................................................................................................. 4, 6, 10

*Model Penal Code* § 2.06(2)(a) .................................................................................................... 10

### Other Authorities

Holdych, *The Presumption of Negligence Rule in California: The Common Law and
   Evidence Code Section 669*, 11 Pacific L.J. 907, 924, fn. 99 (1980) ........................... 4, 5

Preliminary Statement

The Opposition argues that Blue Shield's motion to dismiss should be denied because plaintiff has adequately plead a cause of action under *Cal. Evidence Code* § 669(a) and *Cal. Bus. & Prof. Code* §§ 17200 *et seq.* The first problem with plaintiff's argument is that no cause of action exists under *Cal. Evidence Code* § 669(a). The second is that plaintiff has not even attempted to plead *Cal. Bus. & Prof. Code* §§ 17200 *et seq.* claim. Moreover, even if plaintiff could correct these problems, the Complaint should still be dismissed because plaintiff's entire action is simply a bold attempt to prohibit Blue Shield from continuing a legal practice that plaintiff just happens to dislike. There is no legal basis upon which to grant him relief.

Through this action, plaintiff attempts to prohibit Blue Shield from its alleged practice of paying its enrollees directly when reimbursing them for medical services. In place of this practice, plaintiff would ask this Court to require Blue Shield to pay any doctor that might be assigned a claim by one of Blue Shield's enrollees directly. Plaintiff can identify no statute or even regulation that supports his position.

With no legal support for his position, plaintiff has elected instead to get creative. Although insurers in California have been paying indemnification claims in the same manner as Blue Shield allegedly has here for decades, plaintiff claims that such a practice is unlawful. In fact, by adhering to its contracts and reimbursing its members for medical services rendered, plaintiff alleges that Blue Shield is "aiding and abetting" the violation of two criminal laws--*Cal. Penal Code* §§ 484(a) and 550(a)(6) (prohibiting "grand theft" and "insurance fraud" respectively.

Lacking standing to bring a claim under either statute, plaintiff claims instead that Blue Shield has violated *Cal. Evidence Code* § 669(a) through its actions. The only problem is this is an evidence code and no cause of action exists under it. Moreover, even if plaintiff could state a claim under this code, he cannot prove that Blue Shield is liable for aiding and abetting any tortious conduct. These claims must therefore be dismissed.

Similarly, plaintiff has attempted to state a claim under Cal. Bus. & Prof. Code §§ 17000 et seq. Even after transforming this claim into a Section 17200 claim in the

Opposition, plaintiff has not and cannot allege any unlawful or unfair conduct upon which to premise his claim. It therefore must be dismissed.

## I. PLAINTIFF CANNOT STATE A CAUSE OF ACTION UNDER CAL. EVIDENCE CODE § 669(A)

### A. No Cause of Action Exists Under Cal. Evidence Code § 669(a)

The Opposition argues that Blue Shield's motion to dismiss should be denied because plaintiff has adequately pled causes of action under *Cal. Evidence Code* § 669(a). *See* Opposition at 6-11. This argument reflects a fundamental misapprehension of California law. *Evidence Code* § 669(a) does not create a cause of action. It is merely a rebuttable evidentiary presumption that can be applied to negligence causes of action. Plaintiff's purported causes of action under this statute therefore fail as a matter of law.

*Cal. Evidence Code* § 669(a), on its face, is an evidentiary presumption, not a cause of action. *Id.* ("The failure of a person to exercise due care is presumed if . . . He violated a statute, ordinance, or regulation of a public entity"). Called the doctrine of "negligence per se" or, more appropriately, "the presumption of negligence,"[1] it is well-settled that *Cal. Evidence Code* § 669(a) is neither an independent cause of action nor does it create a private cause of action for breach of a statute. As explained by the California Court of Appeal in *Quiroz v. Seventh Avenue Center*, 140 Cal.App.4th 1256, 45 Cal.Rptr.3d 222 (2006), "the doctrine of negligence per se does not establish tort liability. Rather, it merely codifies the rule that a presumption of negligence arises from a violation of a statute which was enacted to protect a class of person of which the plaintiff is a member against the type of harm that the plaintiff suffered as a result of the violation." *Quiroz*, 140 Cal.App.4th at

---

[1] *See California Service Station and Automobile Repair Association v. American Home Assurance Company*, 62 Cal.App.4th 1166, 1171, n.5, 73 Cal.Rptr.2d 182 (1998) ("The presumption of negligence arising out of a violation of statute, ordinance, or regulation has also been called the 'negligence per se' doctrine. However, 'negligence per se' implies that the violation leads automatically to negligence liability when in fact satisfaction of the elements of subdivision (a) of Evidence Code section 669 creates only a presumption of negligence that can be rebutted under the terms of subdivision (b).") (Citations omitted).

1285, 45 Cal.Rptr.3d at 244. "Accordingly, to apply negligence per se is not to state an independent cause of action. The doctrine does not provide a right of action for violation of a statute. Instead, it operates to establish a presumption of negligence for which the statute serves the subsidiary function of providing evidence of an element of a preexisting common law cause of action." *Quiroz*, 140 Cal.App.4th at 1285-1286, 45 Cal.Rptr.3d at 244-245, *citing Sierra-Bay Fed. Land Bank Assn. v. Superior Court*, 227 Cal.App.3d 318, 333-334, 277 Cal.Rptr. 753 (1991)*; Crusader Ins. Co. v. Scottsdale Ins. Co.*, 54 Cal.App.4th 121, 125, 62 Cal.Rptr.2d 620 (1997).

Because no cause of action under *Cal. Evidence Code* § 669(a) exists, plaintiff's purported claims for "grand theft" and "insurance fraud" pursuant to this code must be dismissed.

### B. Any Negligence Cause of Action Based Upon *Cal. Evidence Code* § 669(a) Fails Because Blue Shield Owes No Duty to Plaintiff

Although not plead as such, even if plaintiff were attempting to plead causes of action against Blue Shield for negligence through its *Cal. Evidence Code* § 669(a) allegations, plaintiff still cannot state a claim. Plaintiff has not and cannot demonstrate that Blue Shield owes him any duty. This is fatal because, as the Opposition itself concedes, the existence of a duty is an element of a negligence claim. Opposition at 8:3-5 ("To establish liability under California law for injury due to a defendant's negligence, 'a plaintiff must prove *duty*, breach, causation and damages.'") (Emphasis added; citation omitted).

It cannot be disputed that the presence of a duty is an element for a negligence cause of action. *See, e.g., Ortega v. Kmart*, 26 Cal.4th 1200, 1205 (2001) ("duty" element of a negligence claim), *cited* in Opposition at 8:3-5. Plaintiff has not and cannot shown that Blue Shield has any such duty to plaintiff to support a negligence cause of action. Apparently, plaintiff tries to avoid this fatal problem, by claiming that Blue Shield is liable for negligence because it owed a duty to comply with *Cal. Penal Code* §§ 484(a) and

1  550(a)(6), and by failing to do so, Blue Shield is liable for "negligence per se" under *Cal.*
2  *Evidence Code* § 669(a). Plaintiff misunderstands the law.

3       *California Service Station* is instructive here. There, the plaintiffs brought suit
4  against an industry association for negligence based upon the industry association's
5  purported breach of an insurance regulation. The plaintiff based its negligence claim, in
6  part, upon *Cal. Evidence Code* § 669(a). Specifically, the plaintiffs alleged that the
7  defendant was "liable to [the plaintiffs] based on a presumption of negligence arising out
8  of a violation" of an insurance regulation." *California Service Station*, 62 Cal.App.4th at
9  1169. After a jury verdict for the plaintiffs, the trial court granted the defendant's motion
10 for judgment notwithstanding the verdict. The Court of Appeal affirmed.

11      The issue presented to the Court was whether the defendants had a duty to the
12 plaintiffs such that a negligence claim could be brought. After rejecting the notion that
13 defendants owed a common law duty to the plaintiffs, the Court addressed the plaintiffs'
14 claim that the insurance regulation at issue created a negligence duty of care upon which a
15 cause of action could be brought. The Court concluded that it did not.

16      The Court analyzed the underlying statutes at issue to determine whether those
17 statutes created a new duty.[2] The statutes at issue "prohibit[ed] misrepresentations of
18 policies . . . [and] 'making any false or misleading statement as to the dividends or share of
19 surplus previously paid on policies.'" *Id.* at 1176. The Court concluded that these statutes
20 did not create a negligence duty.[3] The Court reasoned that the statutes "prohibit

---

[2] The Court concluded that a regulation promulgated by an administrative agency could not in and of itself create a negligence duty. Hence, it analyzed the statutes upon which it was promulgated to determine whether that legislation intended to do so. *California Service Station*, 62 Cal.App.4th at 1175-1176.

[3] The Court explained that this holding was consistent with the view of academic commentators that "support the limitation of the presumption to negligence actions, and oppose its extension to civil wrongs not based on upon negligence." *Id.* at 1179. "Since the presumption arises to determine the existence of negligence, it should not apply to statutes adopted to protect people against certain types of harm where the analogous tort is not that of negligence." *Id.*, quoting Holdych, *The Presumption of Negligence Rule in*
(footnote continued)

misrepresentations, and are thus analogous to torts of fraud and deceit, not the tort of negligence." *Id.* at 1176.[4] Without an underlying duty, there could be no claim for negligence under the presumption of *Cal. Evidence Code* § 669(a) because "an underlying claim of ordinary negligence must be viable before the presumption of negligence can be employed." *Id.* at 1178, citing *Sierra-Bay Fed. Land Bank Assn. v. Superior Court*, 227 Cal.App.3d 318, 277 Cal.Rptr. 753 (1991); *Crusader Ins. Co. v. Scottsdale Ins. Co.*, 54 Cal.App.4th 121, 62 Cal.Rptr.2d 620 (1997).[5]

*Harris v. Del Taco*, 2004 WL 3744291 (C.D. Cal. 2004) is also on point. In *Harris*, a plaintiff brought a negligence claim against a Del Taco restaurant. The "complaint alleges a cause of action for negligence per se based on Defendants' alleged violation of the ADA and California statutes." *Id.* at *4. After the defendant moved to dismiss on the ground that it did not have a duty to the plaintiff and therefore could not be liable for negligence, the plaintiff opposed "the motion by arguing not that Defendants owed a duty of care to Plaintiff, but that they had a duty to comply with federal and state law." *Id.*

The district court rejected the plaintiff's argument, noting that "[b]y asserting a claim for negligence per se, Plaintiff misunderstands the purpose of the theory of negligence per se." *Id.* The court further explained that "[n]egligence per se refers to a

---

*California: The Common Law and Evidence Code Section 669*, 11 Pacific L.J. 907, 924, fn. 99 (1980).

[4] Other courts have noted that *Cal. Evidence Code* § 669 is generally only applied in cases that "involve what may be termed 'safety' statutes, ordinances or regulations, that is governmentally designed standards of care intended to protect a particular class of persons from the risk of particular accidental injuries." *Sierra Bay Federal Land Bank Ass'n v. Superior Court*, 227 Cal.App.3d 318, 333-334, 277 Cal.Rptr. 753, 761-762 (1991) (citations omitted).

[5] As noted by in *California Service Station*, "*Crusader* elaborates on the limitation of the role of the presumption of negligence in supporting a negligence cause of action. 'This ... concept involves the use of statutes to establish the elements of common law causes of action. The use of statutes as evidence of the standard of care in a negligence action is a common example. In such a case, the statute does not create a new private right to sue. The statute instead serves the subsidiary function of providing evidence of an element of a (footnote continued)

statutorily established *standard* of care when that defendant owes a pre-existing *duty* to the plaintiff." *Id.* (emphasis original). As such, the court concluded, "[b]ecause plaintiff has not alleged any pre-existing duty owed by Defendants, he has failed to state a claim for negligence."

So here. Not only has plaintiff failed to allege a duty owed by Blue Shield, like in *California Service Station*, none can be adduced from the statutes upon which plaintiff relies. Indeed, if regulatory statutes barring misrepresentation could not support a negligence duty because they are "analagous to torts of fraud and deceit," 62 Cal.App.4th at 1176, *a fortiori*, the penal statutes relied upon by plaintiff here which expressly bar "theft" and "fraud" cannot be held to support a negligence claim. Plaintiff's claims under *Cal. Evidence Code* § 669(a) must therefore be dismissed.

### C. Even If A Cause of Action Did Exist Under Cal. Evidence Code § 669(a), Plaintiff's Claims Fail Because He Cannot Allege That Blue Shield Violated Either Cal. Penal Code §§ 484(a) or 550(a)(6)

Even if plaintiff could state a cause of action under *Cal. Evidence Code* § 669(a), his claim still fails because plaintiff has not properly alleged that plaintiff aided and abetted any breach of either *Cal. Penal Code* §§ 484(a) or 550(a)(6). Simply stated, plaintiff has not and cannot satisfy either the knowledge or the substantial assistance elements of an aiding and abetting claim.

#### 1. Plaintiff cannot adequately allege that Blue Shield had "knowledge of the specific primary wrong" to support its aiding and abetting claims

Plaintiff does dispute that, in order to state a claim, he must allege that Blue Shield had knowledge of the specific primary wrong that its co-defendants allegedly engaged in. In this case, "the specific primary wrong," as alleged in the Complaint, is that defendants Good and Sabatino stole funds from plaintiff that had been assigned to him for medical services rendered. Nowhere in the Complaint does plaintiff claim that Blue Shield had such knowledge.

---

preexisting common law cause of action." *California Service Station*, 62 Cal.App.4th at (footnote continued)

The Opposition argues that this is not necessary. Instead, it avers, actual knowledge of the specific primary wrong is not required; rather it is sufficient that Blue Shield knew that *somebody* might be encouraged by its actions to commit a crime. That is simply not the law. Rather, it is well-settled that, to state a claim, "proof of actual knowledge is required." *Hashimoto v. Clark*, 264 B.R. 585, 599 (D.Ariz. 2001), *citing Resolution Trust Corp. v. Rowe*, WL 183512, *5 -6 (N.D.Cal. 1993) (Caulfield, J.). Because plaintiff cannot meet this standard, its aiding and abetting claims must be dismissed.

Plaintiff's relies upon *People v. Montoya*, 7 Cal.4th 1027 (1994) for the proposition that the "actual knowledge required was prior knowledge of the unlawful object reasonably to be attained, not certain knowledge that it would be obtained, exactly who would commit the unlawful act, where it would be committed, and who would be the victim of it[.]" Opposition at 14:9-18, *quoting Montoya*, 7 Cal.4th at 1044. Nothing in *Montoya* helps plaintiff here. Indeed, *Montoya* simply stands for the unremarkable proposition that if a party learns of the crime of burglary after the perpetrator has already made his illegal entry and then provides substantial assistance in furtherance of the crime, that person may still be liable as for aiding and abetting despite the fact that the "burglary"--the illegal entry has already occurred. *Montoya*, 7 Cal. 4th at 1044 ("Nor should the liability of an individual for aiding and abetting a perpetrator be negated by the circumstance that the aider and abettor forms the intent to assist in the commission of the offense only after entry by the perpetrator.") It has no application to a situation like here where plaintiff alleges that Blue Shield had the requisite knowledge simply because it should have known that its conduct would have encouraged *somebody* to break the law. In fact, plaintiff cites to no authority to support such an argument.

Indeed, plaintiff can muster no authority to support its related argument that because Blue Shield allegedly had the "general intent 'to encourage and bring about conduct that is criminal'" that is sufficient to create aider and abettor liability. Opposition 1179, *quoting Crusader*, 54 Cal.App.4th 125.

at 14:25-26 (citation omitted). In fact, such a general intent is immaterial unless Blue Shield had *specific knowledge of the unlawful purpose of the perpetrator*--here Blue Shield's co-defendants. Plaintiff has not and cannot satisfy this requirement.

It is well-settled that the criminal rule for aider and abettor liability is that "Merely assenting to or aiding or assisting in the commission of a crime *without knowledge of the unlawful purpose of the perpetrator* and without the intent or purpose of committing, encouraging or facilitating the commission of the crime is not criminal. Thus a person who assents to, or aids, or assists in, the commission of a crime without that knowledge and without that intent or purpose is not an accomplice in the commission of the crime." CALJIC No. 3.14, *cited* in *Montoya*, 7 Cal.4th at 1047-1048 ("aider and abettor's mere assistance without knowledge of perpetrator's unlawful purpose is not criminal"). This is confirmed by *People v. Beeman*, 35 Cal.3d 547 (1984), relied upon by the Opposition, which finds that an element of aiding and abetting is "knowledge of the unlawful purpose of the perpetrator[.]"

Plaintiff has made no effort to satisfy this element. Nor can he. As such, any claim for "aiding and abetting" must fail.[6]

### 2. Plaintiff Cannot Satisfy the Substantial Assistance Prong of an Aiding and Abetting Claim

Plaintiff also is unable to satisfy the substantial assistance element of an aiding an abetting claim. This is similarly fatal to his claim. Because plaintiff cannot allege that Blue Shield provided substantial assistance to its alleged co-tortfeasors that was also tortious, plaintiff's claim necessarily fails.

---

[6] Plaintiff's claim that the in *Casey*, the knowledge prong of the *Beeman* test was met because "the banks knew something fishy was going on" is incorrect. Opposition at 15:18-20. As set forth below, *Casey* found that the plaintiffs failed to adequately plead "knowledge" and upheld the granting of a demurrer. *Casey*, 127 Cal.App.4th at 1154. Indeed, plaintiff's entire attempt to force the application of the civil aiding and abetting test applied by the Court in *Casey* into the criminal *Beeman* paradigm fails. There is simply no parallel between the knowledge requirement set forth in *Casey* and *Beeman's* aiding and abetting test for criminal purposes.

The only authority cited by the Opposition on this point is *Casey v. U.S. Bank Nat'l. Assoc.*, 127 Cal.App.4th 1138 (2005). The Opposition cites *Casey* for the proposition that any activity, even that conducted in the ordinary course of business can satisfy the substantial assistance test of an aiding and abetting claim. Here, the activity Blue Shield purportedly engaged in was mailing reimbursements for medical services directly to its members.

Plaintiff, however, fails to note that in *Casey*, the California Court of Appeal affirmed the granting of the demurrer at issue for failure to adequately plead the knowledge requirement of aiding and abetting breach of fiduciary duty. *Id.* at 1154 ("We have, however, adopted a different basis for upholding the court's decision to sustain the demurrer: the Trustee's failure to adequately plead the knowledge element of the aiding and abetting cause of action.") Moreover, the court's ruling as to what might satisfy the substantial assistance prong of an aiding and abetting claim must be viewed in the context of the facts pleaded. Specifically, the plaintiffs had pleaded that the non-bank defendants in that action had stolen money from others and were laundering it illegally through the bank. It was in this context that the court held stated:

> the banks' alleged knowledge of the DFJ Fiduciaries' suspicious account activities--even money laundering--*without more*, does not give rise to tort liability for the banks. On the other hand, it is equally clear that if the Trustee can allege *the banks knew the DFJ Fiduciaries were stealing corporate funds and knowingly assisted the DFJ Fiduciaries in laundering this stolen money*, those allegations would suffice to state a claim for aiding and abetting the theft (or breach of fiduciary duty).

*Casey*, 127 Cal.App.4th at 1151. Thus, in the circumstances described by the *Casey* court, the bank's activities would actually be a far cry from just "ordinary business transactions;" it would constitute active assistance in the laundering of ill-gotten cash. This is simply not the case presented.

Here, Blue Shield merely mailed checks to its members, indemnifying them for medical treatment they received. Unlike in *Casey*, this activity is not in and of itself illegal. As such, it cannot satisfy the substantial assistance element of an aiding and abetting claim. *See Coffman v. Kennedy*, 74 Cal. App. 3d 28, 32 (1977) ("While a

1  defendant may be held liable in tort for actively aiding or encouraging a wrongdoer, it is
2  essential that the defendant's own conduct was tortious.") (citation omitted).
3      Moreover, plaintiff ignores the key temporal distinction between the facts alleged
4  here and in *Casey*. In *Casey*, the Court noted that "ordinary business transactions" might
5  satisfy the substantial assistance prong if performed with when "the bank actually knew
6  those transactions were assisting the customer in committing a specific tort. Knowledge is
7  the crucial element." *Casey*, 127 Cal.App.4th at 1145. Here, plaintiff alleges that Blue
8  Shield performed its "substantial assistance" actions *before* its co-defendants allegedly
9  committed any tort. Indeed, Blue Shield sent its checks to its members *before* those
10 members likely ever even contemplated committing the acts plaintiff alleges they
11 committed. This is a critical distinction, and plaintiff has failed to adequately explain how
12 the acts alleged could satisfy an aiding and abetting claim.
13     Accordingly, because plaintiff cannot adequately allege that Blue Shield
14 substantially assisted in the violation of *Cal. Penal Code* §§ 484(a) and 550(a)(6), its
15 claims must be dismissed.

    **3.    The Opposition's argument that Blue Shield might be liable for aiding and abetting under the *Cal. Penal Code* § 31 and the Model Penal Code is not supported by the Complaint**

18     In the alternative, the Opposition argues that Blue Shield should be liable as a
19 principle because it has "taken advantage of vulnerable persons to carry out crimes on
20 behalf of others[.]" Opposition at 16:26-17:16. The basis of plaintiff's argument is simply
21 conjecture: "Because defendants Good and Sabatino were afflicted with serious medical
22 conditions, they *might* be found by a trier of fact to be the sorts of physically and mentally
23 vulnerable persons contemplated" by the *Cal. Penal Code* § 31 and *Model Penal Code* §
24 2.06(2)(a), both of which provide that a person can be legally accountable for a crime if he
25 encourages its commission by an "irresponsible person." *Id.* (emphasis added) This
26 position is simply not supported by the Complaint.
27     First, plaintiff sued Good and Sabatino for grand theft and insurance fraud.
28 Complaint at §§ 27-50 and 53-74. Accordingly, plaintiff's own allegations are at odds with

any claim that Good and Sabatino are "irresponsible." Second, plaintiff has made no allegation that Good and Sabatino were mentally incapacitated or "irresponsible." Plaintiff cannot rewrite his Complaint through the Opposition. And finally, plaintiff has only sued Blue Shield for aiding and abetting, not violation of the underlying statutes.

Accordingly, even if plaintiff had a reasonable good faith belief that defendants Good and Sabatino were "irresponsible"--he apparently does not--he has failed to allege a cause of action under this theory.

## II.    PLAINTIFF CANNOT STATE A CLAIM UNDER CAL. BUS. & PROF. CODE §§ 17000 OR 17200 ET SEQ.

The Opposition concedes that plaintiff has no claim for relief under *Cal. Bus. & Prof. Code* §§ 17000 *et seq.* Opposition at 18:23-24 ("Dr. Fox agrees with Blue Shield that his Tenth Cause of Action would be more appropriately pled under *Cal. Bus. & Prof. Code* §§ 17200 *et seq.*") That concession alone is sufficient for this Court to grant Blue Shield's motion with respect to plaintiff's purported Tenth Cause of Action. Plaintiff, however, has argued that, because Blue Shield has treated this claim as if it were actually pled under Section 17200, this Court should conduct that analysis as well. Blue Shield agrees. Because plaintiff cannot state a cause of action under Section 17200 either, to the extent the Complaint attempts to state such a claim, it must also be dismissed.

Plaintiff admits that if its aiding and abetting claims are dismissed, he cannot state a claim for an "unlawful business practice" under Section 17200. Opposition at 19:10-12 ("unless Dr. Fox's aiding and abetting claims are dismissed, he has properly pled a cause of action under *Cal. Business & Professions Code* § 17200 for an unlawful business practice.") Because, as set forth above, those claims must be dismissed, plaintiff's Section 17200 claim should be dismissed as well.

Despite this admission, plaintiff also claims that he can state a claim under Section 17200 if he can show that Blue Shield's actions were "unfair." Accordingly, he alleges that, because Blue Shield's actions are purportedly "unethical, unscrupulous, and the cause

of substantial injury to both consumers and physician-businessmen" he can state a claim under Section 17200. Opposition at 20:3-10.

Plaintiff correctly points out that a split of authority exists in the California Court of Appeal regarding the what is unfair within the meaning of Section 17200. However, under either theory, plaintiff cannot show that Blue Shield's actions were "unfair." His claim must therefore be dismissed.

As cited in the Moving Papers, in the post *Cel-Tech Communications v. L.A. Cellular Tel.Co.*, 20 Cal.4th 163 (1999) world, one branch of the California Court of Appeal has held that a practice is not "unfair" unless it violates a "public policy . . . 'tethered' to specific constitutional, statutory or regulatory provisions." *Gregory v. Albertson's, Inc.*, 104 Cal.App.4th 845, 854 (2002). Under this standard, because plaintiff has not (should his aiding and abetting claims fail) adequately alleged a violation of an underlying statute, his claim must necessarily fail.

Other California Court of Appeal cases, have, however, held that there can be "unfair" claims that are not based upon violations of statutes. However, plaintiff's reliance upon the standard set forth in *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal.App.4th 700 (2001) is misplaced. Since Smith, California Court of Appeal cases that have allowed "untethered" claims for "unfair" conduct under Section 17200 have restated the test. As stated in *Camacho v. Automobile Club of Southern California*, 142 Cal.App.4th 1394, 1403, 48 Cal.Rptr.3d 770,776 - 777 (2006) the test is: "(1) the consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided." *Id.*, citing *Orkin Exterminating Co. v. F.T.C,.* 849 F.2d 1354, 1364 (11th Cir.1988); *see also Daugherty v. American Honda Motor Co., Inc.*, 144 Cal.App.4th 82, 839-840, 824, 51 Cal.Rptr.3d 118 (2006)(same).

This change in the standard of "unfair" was significant. Not only did it remove from the aggrieved parties "competitors or other businessmen," the *Camacho* Court explained that the new standard is now "geared to consumers and is for that reason

appropriate in consumer cases." *Camacho*, 142 Cal.App.4th at 1403. This change is terminal to plaintiff's claim here. Plaintiff is not suing as a consumer. Indeed, even a cursory reading of the Complaint demonstrates that the only aggrieved party here are the physicians. As such, plaintiff cannot meet even the first prong of the *Camacho* test. His Section 17200 claim must therefore be dismissed.

Conclusion

For the foregoing reasons, plaintiff's Complaint should be dismissed in its entirety without leave to amend.

DATED: June 8, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
Steven G. Madison
J.D. Horton
Stacy Monahan
Attorneys for Defendants
California Physicians' Service
dba Blue Shield of California and Blue Shield of California Life & Health Insurance Company